**Paul James ADAIR, Petitioner—Appellant,**

v.

**Vern SMITH, Warden, Respondent—Appellee.**

No. 01–55905.

D.C. No. CV–00–00674–VAP **(E)**.

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2002.*

Decided May 20, 2002.

Fed. R.App. P. 34(a)(2).

---

* This panel unanimously finds this case suitable for decision without oral argument.

Before KLEINFELD and GRABER, Circuit Judges, and BOLTON,** District Judge.

### MEMORANDUM ***

Petitioner Paul James Adair appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We affirm.

Petitioner argues that he is entitled to a new trial under the Sixth Amendment doctrine of implied bias. *See Dyer v. Calderon*, 151 F.3d 970, 981–82 (9th Cir.1998) (en banc) (discussing that doctrine). The implied bias doctrine applies only in certain exceptional circumstances. *Id.* at 981. Juror bias may be presumed (1) when a juror has lied in voir dire or in response to other questioning by the court, *id.* at 979; and (2) when there is " 'a revelation [ . . . ] that the juror is a close relative of one of the participants in the trial or the criminal transaction[ ] or that the juror was a witness or somehow involved in the criminal transaction,' " *id.* at 982 (quoting *Smith v. Phillips*, 455 U.S. 209, 222, 102 S.Ct. 940, 71 L.Ed.2d 78 (1982) (O'Connor, J., concurring)); *see also Tinsley v. Borg*, 895 F.2d 520, 527 (9th Cir.1990). We recently recognized that the implied bias doctrine also may apply in a case in which a juror did not lie, but instead "intentionally conceal[ed] or [gave] a misleading response to a question on voir dire about relevant facts in his or a relative's background." *Fields v. Woodford*, 281 F.3d 963, 974 (9th Cir. 2002).

None of those circumstances is present here. The undisputed facts show that Juror 4 did not lie in response to voir dire questions. There is no suggestion that Juror 4 had an improper relationship with a participant in the litigation. As the California courts found, Juror 4's failure to mention his long-ago, brief law enforcement experience cannot be characterized as concealment in view of the facts that (1) the court only inquired about *current* peace officer status; (2) the court's inquiry about the currency of another juror's "P.O.S.T. certification" emphasized that the court was interested in knowing only whether prospective jurors were presently peace officers; (3) neither the court nor the lawyers asked any juror about *past* law enforcement experience; and (4) the court invited prospective jurors to volunteer information about themselves only *after* the peace officers had been excused, but before voir dire, suggesting to jurors that the court was interested only in information related to the questions that were to follow.

In short, Juror 4's failure to disclose his seven-month experience as a patrol officer more than two and one-half decades before the trial does not give rise to a presumption of bias under the Sixth Amendment. Consequently, Petitioner is not entitled to habeas relief.

AFFIRMED.

---

** The Honorable Susan Ritchie Bolton, United States District Judge for the District of Arizona, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.